IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ZACHERY T. BROWN and
LORETTA COLE                                                                                    PLAINTIFFS

v.                                      Case No.  07-2006

ASSOCIATES HEALTH AND WELFARE PLAN
and WAL-MART STORES, INC.
                                                                                                       DEFENDANTS

### ORDER

Now on this 13th day of August 2007, there comes on for consideration the report and recommendation filed on July 23, 2007, by the Honorable James R. Marschewski, United States Magistrate Judge for the Western District of Arkansas. (Doc. 37). Defendants have filed an objection to the report and recommendation. (Doc. 42). Defendants argue it was error for the report and recommendation to deny the motion to enjoin the $33,000.00 remaining in Stephen Sharum's IOLTA account and enjoin the $17,000.00 withdrawn by Stephen Sharum and placed in his operating account. Defendants argue they satisfied all requirements for issuance of an injunction under Rule 65 including a showing of irreparable harm. Defendants further argue they are entitled to an injunction under ERISA § 502(a)(3)(A). Plaintiffs filed a Response (Doc. 43) and claim they are entitled to the $17,000.00 for an attorney's fee.

The Court has reviewed the case *de novo* and, being well and sufficiently advised, finds as follows: The report and recommendation is proper and should be and hereby is adopted in as much as Defendants must show they will suffer irreparable harm in order to be entitled to a preliminary injunction. However, the report and recommendation does not fully address whether

Defendants had shown they would suffer irreparable harm. In *Great-West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204 (2002), the Supreme Court held that an ERISA Plan could seek restitution in equity, usually in the form of a constructive trust or equitable lien "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213. However, the Court reasoned, "if the property or its proceeds have been dissipated so that no product remains, [the plaintiff's] claim is only that of a general creditor, and the plaintiff cannot enforce a constructive trust of or an equitable lien upon other property of the [defendant]." *Id* at 213-14. In such an instance, the plaintiff is seeking a legal remedy, the imposition of personal liability on the defendant to pay a sum of money which the plaintiff is owed, so his claim falls outside § 502(a)(3)'s jurisdictional grant. *Id* at 210.

Pursuant to *Great-West, supra*, this Court finds Defendants will suffer irreparable harm if the disputed funds are dissipated. The report and recommendation is modified and a preliminary injunction is granted as to the entire $50,000.00 with the $17,000.00 to be returned to the IOLTA account.

IT IS SO ORDERED.

                                                                */s/ Robert T. Dawson*
                                                                Honorable Robert T. Dawson
                                                                United States District Judge

AO72A
(Rev. 8/82)